**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------------x
                                                           :
                                                           :
                                                           :
RAUCH INDUSTRIES, INC.,                                    :
                                                           :
                        Petitioner,                        :   Case No. 25-CV-
                                                           :
and                                                        :
                                                           :
HEART ARTIST LLC and                                       :
CHRISTOPHER RADKO;                                         :
                                                           :
                        Respondents.                       :
                                                           :
                                                           :
-----------------------------------------------------------x
```

## PETITION TO CONFIRM ARBITRATION AWARD

1. Petitioner Rauch Industries, Inc. ("Rauch" or "Petitioner"), by and through undersigned counsel, submit this Petition to confirm the arbitration award issued on July 23, 2025, by the Honorable Barbara Jones (the "Arbitrator") in the arbitration (the "Arbitration") against Respondents Christopher Radko and Heart Artist LLC (together, "Respondents"). *See* Declaration of Kathryn C. Saba in Support of Rauch Industries, Inc.'s Petition to Confirm Arbitration Award ("Saba Declaration"), Exhibit A ("Award").

2. Petitioner brings this action for confirmation and entry of judgment under the Federal Arbitration Act ("FAA"), *see* 9 U.S.C. § 9, and Article 75 of the New York Civil Practice Law and Rules ("CPLR"), *see* N.Y. C.P.L.R. § 7510.

1

3. Petitioner was awarded compensation for its substantive claims in the amount of $126,000. Award at 14. The Award also ordered Respondents to pay Rauch's attorneys' fees in the amount of $1,101,492, and all amounts invoiced by the Arbitrator. *Id*.

4. As of July 31, 2025, the total amount due under the Award is $1,297,492, which includes the $70,000 retainer Rauch paid to the Arbitrator. *See* Saba Declaration, Exhibit B (noting that Rauch's retainer was applied to the total arbitrator's fees and that Respondents owe the Arbitrator the total fees less the retainer ($28,705)).

5. To date, Respondents have not paid any portion of the Award.

6. Accordingly, Rauch requests that this Court: (1) enter an order confirming the Award; (2) enter judgment in Rauch's favor against Respondents in the amount of the Award plus any pre- and post-judgment interest; and (3) award Rauch such other and further relief as the Court may find just and proper.

## PARTIES

7. Petitioner Rauch is a North Carolina corporation with its principal place of business and corporate headquarters at 130 Lakeside Avenue, Suite 250, Seattle, Washington 98122.

8. Respondent Mr. Christopher Radko is an individual who, upon information and belief, resides in Garrison, New York.

9. Respondent Heart Artist is a New York limited liability company that, upon information and belief, has a principal place of business located at 1145 Route 9D, No. 545, Garrison, New York 10524. Mr. Radko is the registered agent for Heart Artist and, upon information and belief, the sole member of Heart Artist. Upon information and belief, Heart Artist is owned and operated by Mr. Radko alone.

## JURSIDICTION AND VENUE

10. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the parties are of diverse citizenship and the amount in controversy exceeds $70,000. Specifically, Petitioner is a citizen of North Carolina, while Respondents are citizens of New York.

11. This Court has personal jurisdiction over Respondents pursuant to CPLR § 301, because, upon information and belief, Mr. Radko resides in Putnam County, New York, and he is the sole member of Heart Artist, which also has its principal place of business in Putnam County, New York.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), because, on information and belief, Mr. Radko resides and Heart Artist has its principal place of business in this District and a substantial portion of the events giving rise to this action, including the underlying litigation and Arbitration, took place in this District.  In the alternative, venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(3) because Petitioner is not currently aware of any district in which this action may be brought pursuant to either 28 U.S.C. § 1391(b)(1) or (2), and Respondents are subject to personal jurisdiction in this District.

## THE UNDERLYING DISPUTE

13. The facts giving rise to the Arbitration are not in dispute and have been settled by the Award. *See* Award.  The dispute arose out of a settlement agreement between the parties, entered into on February 2, 2024 (the "Effective Date"), in connection with the lawsuit in the United States District Court for the Southern District of New York, captioned *Rauch Industries, Inc. v. Heart Artist LLC, et al.*, Case No. 22 CV 909.  *See* Saba Declaration, Exhibit C (the "Agreement").

14. Following the Effective Date, Respondents breached the Agreement thirty-six times.  *See* Award at 4–7, 4 n.18 (citing Saba Declaration, Exhibit D ("Joint Statement of Stipulated Facts"),

at ¶¶ 8, 10, 13, 15, 19–20, 22, 24–47, and 49–50 and noting the Joint Statement of Stipulated Facts "collectively identif[ies] each instance of alleged noncompliance"). From April 2024 through July 2024, Rauch sent Respondents five notices of noncompliance regarding the thirty-six breaches (as required by the Agreement) and demanded $126,000 in liquidated damages under the Agreement. Award at 2. Respondents refused to pay Rauch any liquidated damages, which resulted in Rauch initiating Arbitration. *Id.* at 3.

## THE ARBITRATION

15. On January 17, 2025, in light of Respondents' thirty-six breaches and refusal to abide by the terms of the Agreement, Rauch served its Notice of Arbitration (the "Notice") on Respondents.

16. Rauch sought to resolve the parties' disputes through arbitration, pursuant to Section 19(f) of the Agreement. Agreement ¶ 19(f).

17. On May 13, 2025, the parties mutually selected the Honorable Barbara S. Jones (the "Arbitrator" or "Judge Jones") to serve as arbitrator, and she presided over the Arbitration proceedings pursuant to the then-current Rules for Non-Administered Fast Track Arbitration of CPR.

18. On June 2, 2025, Judge Jones issued a scheduling order setting July 3, 2025 as the deadline for the parties' pre-hearing briefs and fact witness statements. *See* Saba Declaration, Exhibit E.

19. In advance of the Arbitration hearing, the parties engaged in fact discovery.

20. On July 3, 2025—the same day the parties' pre-hearing briefing and fact witness statements were due—Respondents requested a one-day extension of their deadline to provide those materials.

21. On July 3, 2025, Judge Jones granted that request for an extension in part, extending the parties' deadline to submit their pre-hearing briefs and fact witness statements to 3:00 pm EST the

4

following day.  *See* Saba Declaration, Exhibit F.  The parties submitted their pre-hearing briefing and fact witness statements on July 4, 2025.

22. On July 4, 2025, the parties also jointly submitted the Joint Statement of Stipulated Facts.

23. The Arbitration hearing was held on July 8, 2025, at the offices of Bracewell LLP, located at 31 W 52nd St Suite 1900, New York, NY 10019.  Both Rauch and Respondents were represented by counsel and fully participated in the hearing.

24. The parties submitted post-hearing briefing following the Arbitration hearing.

## THE AWARD

25. On July 23, 2025, the Arbitrator issued the Award, ruling that Respondents had breached the Agreement thirty-six times.  *See* Award at 4–7.

26. The Arbitrator awarded liquidated damages for Rauch's breach of contract claim in the amount of $126,000.  The Award also ordered Respondents to pay Rauch's attorneys' fees in the amount of $1,101,492, and all amounts invoiced by the Arbitrator.  *See* Award at 14.

27. On July 31, 2025, the Arbitrator provided final invoices for $103,705, noting that Rauch had paid a $70,000 retainer and requesting that Respondents pay the remaining balance of $28,705.  *See* Saba Declaration, Exhibit B.

28. As of July 31, 2025, the total amount due to Rauch under the Award is $1,297,492.

## FIRST CAUSE OF ACTION (CONFIRMATION UNDER 9 U.S.C. § 9)

29. Rauch repeats and realleges paragraphs 1 through 28 above, as if fully set forth herein.

30. 9 U.S.C. § 9 provides that "any party to [an] arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title."

31. Rauch has brought this action within one year of the delivery of the Award on July 23, 2025.

32. The Award has not been vacated or modified pursuant to 9 U.S.C. §§ 10–11.  There is no pending application to vacate or modify the Award, nor is there any basis to vacate, modify, or otherwise refuse to confirm the Award pursuant to 9 U.S.C. §§ 10–11.  *See* Memorandum of Law in Support of Petition to Confirm Arbitration.

33. Accordingly, the Award must be confirmed as a valid and enforceable arbitration award pursuant to 9 U.S.C. § 9.

### SECOND CAUSE OF ACTION (CONFIRMATION UNDER N.Y. C.P.L.R. § 7510)

34. Rauch repeats and realleges paragraphs 1 through 28 above, as if fully set forth here.

35. CPLR § 7510 provides that "[t]he court shall confirm an award upon application of a party made within one year after its delivery to them, unless the award is vacated or modified under a ground specified in section seventy-five hundred eleven of this article."  N.Y. C.P.L.R. § 7510.

36. Rauch has brought this action within one year of the delivery of the Award on July 23, 2025.

37. The Award has not been vacated or modified pursuant to CPLR § 7511.  There is no pending application to vacate or modify the Award, nor is there any basis to vacate, modify, or otherwise refuse to confirm the Award pursuant to CPLR § 7511.  *See* Memorandum of Law in Support of Petition to Confirm Arbitration.

38. Accordingly, the Award must be confirmed as a valid and enforceable arbitration award pursuant to CPLR § 7510.

### PRAYER FOR RELIEF

**WHEREFORE**, Rauch respectfully requests that this Court:

1. Enter an Order pursuant to 9 U.S.C. § 9 and CPLR § 7510 confirming the Award;

2. Enter a judgment in Rauch's favor and in conformity with the Award; and

3. Enter and Order providing any other relief the Court may deem just, proper, necessary and in conformity with the Award.

Respectfully submitted,
Dated: September 24, 2025

*/s/ Megan K. Bannigan*
Megan K. Bannigan (mkbannigan@debevoise.com)
Kathryn C. Saba (ksaba@debevoise.com)
**Debevoise & Plimpton LLP**
66 Hudson Boulevard
New York, New York, 10001
Telephone: (212) 909-6000

*Attorneys for Petitioner Rauch Industries, Inc.*
