**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------------------X
RAUCH INDUSTRIES, INC.,

                           Petitioner,

               -against-

HEART ARTIST LLC and
CHRISTOPHER RADKO,

                         Respondents.
---------------------------------------------------------------------------X

**25 Civ. 7950 (JHR) (GS)**

**ORDER**

**GARY STEIN, United States Magistrate Judge:**

The Court has reviewed the letter filed by Respondent Christopher Radko ("Radko") on December 9, 2025 (Dkt. No. 29) and the response filed by Petitioner Rauch Industries, Inc. ("Rauch") on December 10, 2025 (Dkt. No. 30). The Court hereby orders as follows:

1.      Pursuant to its Order issued on November 17, 2025 (Dkt. No. 23), ruling on Petitioner's Motion to Seal (Dkt. No. 9), the Court ordered that several exhibits attached to the Declaration of Kathryn K. Saba, submitted in support of Rauch's Petition to Confirm Arbitration Award (Dkt. No. 1 ("Petition")) (Dkt. No. 11 Exs. A, B, C, D and F), be temporarily sealed. That Order was issued prior to any appearance by, or input from, Respondents. Radko now states that he opposes sealing any of those documents, including both the Confidential Settlement Agreement (which Rauch sought to file under seal to protect its own confidential information) and the other exhibits (which Rauch sought to file under seal because of the possibility that Respondents would object to their public filing). (Dkt. No. 29

at 1-2, 7).  In response, Rauch states that it "respectfully withdraws its motion to seal in its entirety."  (Dkt. No. 30).  The Court therefore understands Rauch to be withdrawing its motion to seal as to the Confidential Settlement Agreement (Saba Decl. Ex. C) as well as the other exhibits as to which it sought temporary sealing (*id.* Exs. A, B, D, F).  Accordingly, Rauch is directed to file an unsealed version of the Saba Declaration, as well as an unredacted version of its Memorandum of Law in support of its Petition, by no later than January 5, 2026.

2.  Although Radko's December 9, 2025 submission includes some discussion concerning the merits of Rauch's Petition, it primarily addresses the sealing issue, and the Court will not assume that it constitutes the entirety of Radko's response to the Petition (despite Rauch's suggestion to the contrary). Radko should have a full opportunity to respond to Rauch's Petition.  Under Second Circuit law, "petitions to confirm (or vacate) arbitration awards are treated as 'motions in an ongoing proceeding rather than' as pleadings."  *Subway Int'l, B.V. v. Subway Russia Franchising Co., LLC*, 735 F. Supp. 3d 332, 342 (S.D.N.Y. 2024) (quoting *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 109 (2d Cir. 2006)), *aff'd*, No. 24-1702, 2025 WL 1363870 (2d Cir. May 12, 2025).  "Thus, the respondent must oppose the petition as it would a motion, not by serving an answer."  *ISC Holding AG v. Nobel Biocare Invs. N.V.*, 759 F. Supp. 2d 294, 296 (S.D.N.Y. 2010), *aff'd sub nom. ISC Holding AG v. Nobel Biocare Fin. AG*, 688 F.3d 98 (2d Cir. 2012).  The Court therefore sets a deadline of January 30, 2026 for Radko to submit a brief and

any other papers in opposition to the Petition.  Rauch shall have until February 14, 2026 to file reply papers in support of the Petition.

3.      Radko states that he is representing himself *pro se* in this action. (Dkt. No. 29 at 1).  Radko has the right to do so.  *See* 28 U.S.C. § 1654.  However, the other Respondent in this case, Heart Artist LLC ("Heart Artist"), is an artificial entity and, as such, may only appear in this action through counsel.  Radko may not appear *pro se* on behalf of Heart Artist.  *See Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1994) (noting that courts "have uniformly held that 28 U.S.C. § 1654, providing that 'parties may plead and conduct their own cases personally or by counsel,' does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney"); *RGI Brands LLC v. Cognac Brisset-Aurige, S.a.r.l.*, No. 12 Civ. 1369 (LGS) (AJP), 2013 WL 1668206, at *4 (S.D.N.Y. Apr. 18, 2013) ("It is black letter law that corporations, partnerships, limited liability companies, associations, and all other artificial entities must be represented by counsel and may not appear *pro se* in federal court."), *R&R adopted*, 2013 WL 4505255 (S.D.N.Y. Aug. 23, 2013). Accordingly, as it appears to the Court that Heart Artist was properly served in this action (*see* Dkt. No. 26), Heart Artist shall have until January 30, 2026 to appear in this action through counsel and file an opposition to the Petition.  If no appearance by counsel is filed, the Court may treat Rauch's Petition as unopposed with respect to Heart Artist.

4.      To the extent Radko is proceeding *pro se* on his own behalf, the Court informs him that he may be able to obtain assistance from the City Bar Justice Center's Federal Pro Se Legal Assistance Project.  A flyer containing contact information for the City Bar Justice Center and summarizing the services it provides is attached to this Order.

**SO ORDERED.**

DATED:      New York, New York
            December 23, 2025

_____
The Honorable Gary Stein
United States Magistrate Judge

# FEDERAL PRO SE LEGAL ASSISTANCE PROJECT
## in the Southern District of New York (SDNY)



## ABOUT THE PROJECT

The Federal Pro Se Legal Assistance Project provides limited assistance to self-represented litigants (plaintiffs and defendants) with cases involving civil legal matters in the United States District Court for the Southern District of New York (SDNY).

This project assists plaintiffs and defendants on a variety of federal legal issues, including, among others, civil rights, employment discrimination, and disability discrimination. The team also assists incarcerated individuals with civil (non-criminal) claims.

## HOW WE HELP

Fed Pro provides limited assistance through full-time attorneys, legal support team members, pro bono (volunteer) attorneys, law school/college interns, and a social work team. **While we cannot provide full representation,** Fed Pro can assist litigants by providing limited-scope services such as:

 **Counseling** about potential federal claims prior to filing suit

 Consulting on **discovery** matters

 **Interpreting and explaining** federal law and procedure

 Assisting with the **settlement** process (including mediation)

 **Reviewing drafted pleadings** and correspondence with the Court

## HOW TO ACCESS OUR SERVICES



For assistance, please complete the **online form** located on our website, https://www.citybarjusticecenter.org/projects/federal-pro-se-legal-assistance-project/.

If you are not able to complete the form, or you have questions about the form, please **call (212) 382-4794.** Please leave a message and wait for us to call you back.