**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------------X

RAUCH INDUSTRIES, INC.,

Petitioner,

-against-

HEART ARTIST LLC and
CHRISTOPHER RADKO,

Respondents.

----------------------------------------------------------------------X

**25 Civ. 7950 (JHR) (GS)**

**ORDER**

**GARY STEIN, United States Magistrate Judge:**

On September 24, 2025, Petitioner Rauch Industries, Inc. ("Petitioner" or "Rauch") filed its Petition to Confirm an Arbitration Award entered against Respondents Heart Artist LLC ("Heart Artist") and Christopher Radko ("Radko) (collectively, "Respondents") in July 2025. (Dkt. No. 1). On May 7, 2026, Radko submitted his opposition to Petitioner's petition. (Dkt. No. 41). In that opposition, Radko, for the first time, informed the Court of a pending Chapter 7 bankruptcy proceeding he initiated on December 18, 2025 and argued that the present action should be stayed in light of the pending bankruptcy proceedings. (*Id.* at 2).[1] Petitioner subsequently filed a response to that opposition. (Dkt. No. 44). As detailed below, this action is **STAYED** as to Radko, but not as to Heart Artist.

As to Radko, Petitioner does not contest that this action should be stayed given the ongoing bankruptcy proceedings. (Dkt. No. 44 at 1). And indeed, this outcome is required. "The Bankruptcy Code provides that the filing of a bankruptcy

---

[1] Heart Artist has not yet appeared in this action.

petition creates an automatic stay against 'the commencement or continuation . . . of a judicial . . . or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title.'" *Benavidez v. Piramides Mayas Inc.*, Nos. 09 Civ. 5076, 09 Civ. 9574 (KNF), 2013 WL 3505616, at *1 (S.D.N.Y. June 28, 2013) (quoting 11 U.S.C. § 362(a)(1)).

Section 362(a)(1) requires a stay as to Radko, who filed his bankruptcy petition following the commencement of this action. *See Sanders v. Gardner*, 7 F. Supp. 2d 151, 179–80 (E.D.N.Y. 1998) (staying action to confirm arbitration award as to individual defendants who filed for bankruptcy); *In re Capitol-York Const. Corp.*, 43 B.R. 52, 55 (Bankr. S.D.N.Y. 1984) (finding that "post-[bankruptcy] petition entry of [order and judgment confirming arbitration award] against [debtor] violated the automatic stay and is ineffective, absent relief from the stay"); *Hartford Fin. Holdings, Inc. v. Singer*, No. 08 Civ. 2459 (PKC), 2010 WL 1838843, at *2 (S.D.N.Y. May 4, 2010) (noting that, due to the automatic stay, court placed action seeking to confirm arbitration award on the suspense docket after defendants filed Chapter 7 petition).

Rauch, however, argues that Heart Artist stands on a different footing and that the stay should not extend to Heart Artist. (Dkt. No. 44 at 1). Whether the automatic stay provision applies to Heart Artist proves more nuanced. "As a general rule, automatic stays of litigation apply only to the debtor." *Stih v. Rockaway Farmers Mkt., Inc.*, 656 B.R. 308, 312 (E.D.N.Y. 2024). Though that rule is not without its exceptions, the Court ultimately agrees with Rauch.

In *Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282 (2d Cir. 2003), the Second Circuit outlined specific exceptions that warrant extending the automatic stay to a non-debtor. Those exceptions include: (1) a claim to establish an obligation as to which the debtor is a guarantor, *id.* at 287 (citing *McCartney v. Integra Nat'l Bank N.*, 106 F.3d 506, 510–11 (3d Cir. 1997)); (2) a claim against the debtor's insurer, *id.* at 287–88 (citing *Johns–Manville Corp. v. Asbestos Litig. Grp. (In re Johns–Manville Corp.)*, 26 B.R. 420, 435–36 (Bankr. S.D.N.Y 1983)); and (3) actions where "'there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant,'" *id.* at 288 (quoting *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986)). Although the first two categories clearly do not apply here, the final category requires closer examination.

In *Queenie*, the Second Circuit extended the automatic stay to the debtor defendant's wholly-owned corporation because adjudication of the claim against the corporation would "have an immediate adverse economic impact on" the shareholder debtor. *Queenie*, 321 F.3d at 288. Here, as Rauch alleges in its petition, Radko is the "sole member of Heart Artist," which Radko owns and operates alone. (Dkt. No. 1 ¶ 9). "Some [courts] have read *Queenie* as holding that the automatic stay always extends to a corporation wholly owned by a debtor, because the 'immediate adverse economic impact' standard is satisfied by virtue of that relationship alone." *Cortes v. Juquila Mexican Cuisine Corp.*, No. 17 Civ. 3942 (RER), 2020 WL 13550200, at *2 (E.D.N.Y. July 30, 2020) (quoting *Ng v. Adler*, 518 B.R. 228, 247 (E.D.N.Y. 2014));

*see also M.E.S., Inc. v. M.J. Favorito Elec., Inc.*, No. 08 Civ. 183 (JG), 2010 WL 959604, at *2 (E.D.N.Y. Mar. 15, 2010).

Other courts, however, which appear to be the majority in this Circuit, have "declined to find or grant a stay in the absence of either a formal extension of the stay by the bankruptcy court or an affirmative showing of immediate adverse economic impact,'" *Cortes*, 2020 WL 13550200, at *2 (collecting cases) (emphasis omitted), "in keeping with the principle that extending the stay to non-debtors is *extraordinary* relief," *In re FPSDA I, LLC*, No. 10-75439 (DTE), 2012 WL 6681794, at *8 (Bankr. E.D.N.Y. Dec. 21, 2012) (emphasis in original). *See also Compass-Charlotte 1031, LLC v. Prime Cap. Ventures, LLC*, No. 24 Civ. 55 (MAD), 2024 WL 1171772, at *9 (N.D.N.Y. Mar. 19, 2024) (agreeing with *Cortes* court's conclusion that "'without more, the fact that a non-debtor defendant is wholly owned by a debtor should not result in the extension of the bankruptcy [stay] to that third-party defendant'" (quoting *Cortes*, 2020 WL 13550200, at *2)); *In re Sharma*, No. 12-14472 (SCC), 2014 WL 5714494, at *11 (Bankr. S.D.N.Y. Nov. 4, 2014) (finding that automatic stay did not apply to companies wholly owned by the debtor, because 11 U.S.C. § 362(a) "only provides protection for the debtor[,] except under extraordinary circumstances"); *In re McCormick*, 381 B.R. 594, 600–02 (Bankr. S.D.N.Y. 2008) (rejecting debtor's argument to extend automatic stay to wholly owned LLC pursuant to *Queenie* as "most, if not all courts consider the extension of the automatic stay under Code Section 362(a) to a nondebtor to be extraordinary

relief," despite the debtor's "concerns that adverse consequences may result without the extension of the automatic stay to his LLC").

The latter approach, in addition to representing the prevailing view of courts in this Circuit, gives effect to *Queenie*'s holding that "'the stay applies to [the non-debtor corporation] because it is wholly owned by [the debtor], *and* adjudication of a claim against the corporation will have an immediate adverse economic impact on [the debtor].'" *Cortes*, 2020 WL 13550200, at *3 (quoting *Queenie*, 321 F.3d at 288) (emphasis supplied by *Cortes*). Thus, as Judge Reyes reasoned in *Cortes*, "it is a truer application of the principles expressed in *Queenie* to grant the stay only where special circumstances—namely the prospect of immediate adverse economic effects—are present." *Id.*; *accord Compass-Charlotte 1031*, 2024 WL 1171772, at *9. Accordingly, the Court applies that framework in this action.

Radko makes no argument in his opposition that a ruling against Heart Artist would have an immediate adverse economic impact on him. (*See* Dkt. No. 41). Courts have frequently declined to extend the automatic stay where the debtor fails to attempt to make such a showing. *See, e.g.*, *Compass-Charlotte*, 2024 WL 1171772, at *9; *Cortes*, 2020 WL 13550200, at *3; *Trs. of Sickness & Accident Fund of Loc. One-L v. Philips Winson, Inc.*, No. 00 Civ. 9554 (MHD), 2005 WL 273017, at *2 (S.D.N.Y. Feb. 3, 2005).

Moreover, it does not appear that any immediate adverse economic impact would befall Radko should the Court confirm the arbitration award against Heart Artist. First, Radko claims in his opposition that Heart Artist "was closed in December 2025 and is no longer operating in New York." (Dkt. No. 41 at 2). Though Radko does not explicitly specify whether Heart Artist operates in any other states or countries or whether it has any real economic value, this statement suggests that an award against Heart Artist would not impact him directly. Further, since Heart Artist is a limited liability corporation, Radko should not face personal liability for a judgment entered against Heart Artist. *See Compass-Charlotte*, 2024 WL 1171772, at *9 ("Prime Capital and the Third-Party Defendant entities are limited liability corporations, so the Court is not certain that [debtor] would be personally responsible for the entities' debts and obligations."). Finally, courts have found that "the risk of adverse economic impact is absent when the [*pro se*] debtor is liquidating under Chapter 7," as Radko is, "as opposed to reorganizing under Chapter 11." *Cortes*, 2020 WL 13550200, at *3; *see also Uto v. Job Site Servs., Inc.*, 444 B.R. 222, 224 (E.D.N.Y. 2011). As such, there is no reason to believe that an award entered against Heart Artist, if any, would impose an adverse economic impact on Radko.

Accordingly, it is hereby ordered that this action is **STAYED** solely as to Respondent Christopher Radko pending resolution of his bankruptcy action or the lifting of the automatic stay. This stay is not extended to Respondent Heart Artist LLC. The Court will consider Petitioner's Petition to Confirm an Arbitration Award

as against Respondent Heart Artist separately. Petitioner and Respondent Radko shall jointly update the Court as to the status of Radko's bankruptcy action every three months, beginning on November 6, 2026.

**SO ORDERED.**

DATED: New York, New York
August 12, 2026

The Honorable Gary Stein
United States Magistrate Judge