**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------X
RAUCH INDUSTRIES, INC.,

Petitioner,

-against-

HEART ARTIST LLC and
CHRISTOPHER RADKO,

Respondents.
-----------------------------------------------------------------------X

**25 Civ. 7950 (JHR) (GS)**

**ORDER**

**GARY STEIN, United States Magistrate Judge:**

The Court is in receipt of Petitioner's November 6, 2026 letter regarding the status of Respondent Radko's bankruptcy action, and Radko's November 16, 2026 letter requesting dismissal of this matter. (Dkt. Nos. 46 & 47). Radko's Chapter 7 bankruptcy action was resolved on May 29, 2026, thereby terminating the automatic stay of proceedings against Mr. Radko and the stay of this pending action. (Dkt. No. 46; *see also* Dkt. No. 45 (Order on stay pending Radko's bankruptcy proceeding)). While the parties have communicated regarding Petitioner's proposed joint stipulation of voluntary dismissal as to Radko, it appears the parties have not yet agreed to terms of dismissal and no joint stipulation has been filed. Accordingly, by no later than December 4, 2026, Petitioner shall either file a status update letter regarding Radko's dismissal or file a joint stipulation of voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(1).

On August 12, 2026, the Court held that the stay in this action was not extended to Respondent Heart Artist LLC, and Heart Artist LLC has not opposed the petition or otherwise appeared in this action. (Dkt. No. 45 at 6-7). Radko objects to Petitioner's continuing to proceed against Heart Artist on the ground that Heart Arist is "a dissolved, assetless company."

(Dkt. No. 47 at 1). However, under New York law, a dissolved corporation "may sue or be sued in all courts and participate in actions and proceedings . . . in its corporate name[.]" N.Y. Bus. Corp. Law § 1006(a)(4). Further, "the dissolution of a corporation shall not affect any remedy available to or against such corporation . . . for any right or claim existing or any liability incurred before such dissolution[.]" *Id.* § 1006(b); *see also J & J Sports Prods., Inc. v. Morocho*, No. 18 Civ. 2303 (AMD) (RML), 2019 WL 1339198, at *3 (E.D.N.Y. Feb. 27, 2019), *R&R adopted*, 2019 WL 1333245 (E.D.N.Y. Mar. 25, 2019) (granting plaintiff's motion for default judgment with respect to a dissolved corporation where the corporation was active at the time of the alleged infringement). The dissolution of Heart Artist LLC did not occur until December 18, 2025, and the arbitration award that is the subject of the instant litigation was issued on July 23, 2025. (Dkt. No. 47 at 2; Dkt. No. 32 at 3). The Court therefore shall proceed to issue a report and recommendation on Petitioner's Petition to Confirm Arbitration Award as to Heart Artist and shall treat the Petition as unopposed with respect to that party.

**SO ORDERED.**

DATED: New York, New York
November 25, 2026

Gary Stein

The Honorable Gary Stein
United States Magistrate Judge